

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANN ZHAI,

          Plaintiff,

      v.

BRIDGESTONE FIRESTONE
AMERICAS INC., et al.,

          Defendants.

Case No. CV 19-7057 FMO (SSx)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

17      On August 13, 2019, pro se plaintiff Ann Zhai ("plaintiff") filed the Complaint in this action

18  against defendants Bridgestone Firestone Americas Inc; Retail Operations of

19  Bridgestone/Firestone Americas Inc., and Employees 1-20; Engine Lubricant Manufacturers,

20  Marketers, Distributers, and Sellers with Business Entity Names A-Z; Gasoline Fuels

21  Manufacturers, Marketers, Distributers, and Sellers with Business Entity Names A-Z; and the

22  Lubricant and Fuel Additive Inventors, Marketers, Manufacturers, Distributers, and Sellers with

23  Business Entity Names A-Z (collectively, "defendants"), alleging negligence, fraud, and product

24  liability claims.  (See Dkt. 1, Complaint at 13-22).  Accordingly, plaintiff was required to serve the

25  summons and complaint on defendants no later than November 11, 2019.  See Fed. R. Civ. P.

26  4(m); (Initial Standing Order at 1; Dkt. 9, Court's Order of August 30, 2019) (directing parties to

27  comply with Court's Initial Standing Order, which required plaintiff to "promptly serve the complaint

28  in accordance with Fed. R. Civ. P. 4 and 5 and file the proofs of service pursuant to Local Rule

5-3.").  Plaintiff was warned that "[a]ny defendant not timely served under Fed. R. Civ. P. 4(m) shall be dismissed from the action without prejudice."  (Initial Standing Order at 1).  Over one year has passed since plaintiff filed her complaint, and no proof of service demonstrating service of the summons and Complaint on defendants has been filed, and no defendant has filed a responsive pleading to date.  (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute and/or failure to comply with a court order.  Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).  These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply.").  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at 1261.

Pursuant to Rules 4(m) and 41(b), and in light of the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to: (1) effect service within the specified time; and (2) comply with the Court's Order of August 30, 2019.  Plaintiff's failure to file the proof of service, and failure to prosecute this action for well over a year since filing her Complaint,

hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action.  In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file a proof of service demonstrating service of the summons and Complaint on defendants would result in the dismissal of any defendant not timely served.  (See Dkt. 9, Court's Order of August 30, 2019); (Court's Initial Standing Order at 1); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to timely effect service, failure to comply with a court order, and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service, failure to prosecute, and failure to comply with the orders of the court.

Dated this 6th day of October, 2020.

/s/
Fernando M. Olguin
United States District Judge

3